SEALED
BY ORDER OF THE COURT

EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

MARK A. INCIONG  CA BAR #163443
Assistant United States Attorney
PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, HI 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 09 2005

at ___ o'clock and ___ min. ___
WALTER A. Y. H. CHINN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>         Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>SEAN W. CARILLO,     (1)  )<br>ERIC K. HO,          (2)  )<br>    aka Erick Ho,  )<br>ZULEIKA CARTER,      (3)  )<br>    aka "Laaka",  )<br>  )<br>         Defendants.  )<br>_____ ) | CR. NO.  05-00027 SOM<br><br>FIRST SUPERSEDING<br>INDICTMENT<br><br>[21 U.S.C. §§ 846, 841(a)(1)<br>& (b)(1)(A)] |

FIRST SUPERSEDING INDICTMENT

The Grand Jury charges:

Count 1

Beginning at a date unknown to the grand jury and continuing up to and including January 4, 2005, in the District of Hawaii, defendants, SEAN W. CARILLO, ERIC K. HO, aka Erick Ho, and ZULEIKA CARTER, aka "Laaka", did knowingly and intentionally

combine, conspire, confederate and agree together and with each other, and with others known and unknown to the grand jury, to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21 United States Code, Sections 846, 841(a)(1) & (b)(1)(A).

OVERT ACTS

In furtherance of said conspiracy and to effect and accomplish the objects thereof, the following acts, among others, were committed within the District of Hawaii, and elsewhere:

1.  In or about December, 2004, defendant ERIC K. HO, aka Erick Ho, (hereinafter "HO") met with defendant SEAN W. CARILLO (hereinafter "CARILLO") on the island of Kauai at which time HO advised CARILLO that he wished to utilize CARILLO to obtain pound quantities of methamphetamine from CARILLO's San Diego, California source.

2.  On or about January 2, 2005, defendant CARILLO placed telephone calls to an individual in San Diego, California to see if the individual could obtain approximately one and one-quarter pounds of methamphetamine to sell to CARILLO on behalf of HO.

3.  In or about January, 2005, defendant HO gave defendant ZULEIKA CARTER, aka "Laaka", (hereinafter CARTER) approximately $16,000 in United States currency (cash)

2

in order for CARTER to purchase approximately one and one quarter pounds of methamphetamine in San Diego, California and to pay for the travel expenses of CARTER and CARILLO to and from Kauai to San Diego.

4. On or about January 2, 2005, defendant HO and an associate dropped off defendants CARILLO and CARTER at the Lihue, Kauai airport.

5. On or about January 2, 2005, CARILLO and CARTER went to the Hawaiian Airlines ticket counter where CARTER paid cash in the amount of approximately $3000 for round trip airline tickets for CARTER and CARILLO to fly from Lihue, Kauai, Hawaii to Honolulu, Hawaii to Los Angeles, California to San Diego, California for the purpose of purchasing methamphetamine.

6. On or about January 2, 2005, defendants CARILLO and CARTER flew from Lihue, Kauai to San Diego, California.

7. On or about January 3, 2005, the same individual referred to in paragraph 2 picked up defendants CARILLO and CARTER at the San Diego, California airport and drove them to the Days Inn Suites Hotel, 3550 Rosecrans Street, San Diego, California (hereinafter "Day's Inn") where CARILLO reserved a room.

8. On or about January 3, 2005, the same individual left the Day's Inn Suites and later returned with approximately one pound of methamphetamine which she exchanged for $12,000 in cash with CARTER.

9. On or about January 3, 2005, CARTER returned to the island of Kauai from San Diego via Los Angeles with approximately one pound of methamphetamine in her possession.

10. On or about January 3, 2005, the individual referred to in paragraph 2 returned to the Day's Inn and met with CARILLO again at which time the same individual delivered approximately four (4) ounces of additional methamphetamine to CARILLO.

11. On or about January 4, 2005, CARILLO flew from San Diego to Honolulu, Hawaii via Los Angeles with the approximately four (4) ounces of methamphetamine delivered by the individual in his possession. CARILLO concealed the drugs within a pair of bicycle shorts he wore underneath his shorts.

12. On or about January 4, 2005, HO, CARTER and two associates drove to and arrived at the Lihue, Kauai airport to pick CARILLO up upon his return from San Diego, California.

All in violation of Title 21, United States Code, Section 846.

///

///

///

4

<u>Count 2</u>

On or about January 4, 2005, in the District of Hawaii, defendant, SEAN W. CARILLO, did knowingly and intentionally possess, with intent to distribute, 50 grams or more, to wit: approximately 89.5 grams, of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

Dated: February 9, 2005, at Honolulu, Hawaii.

A TRUE BILL

/S/

_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
FLORENCE T. NAKAKUNI
Chief, Narcotics Section

_____
MARK A. INCIONG
Assistant U.S. Attorney

<u>United States v. Carillo, Ho and Carter</u>
First Superseding Indictment
CR. No. 05-00027 SOM